UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| STEVEN F. O'HARA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 24-084-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES ARMY CORPS OF | ) | **MEMORANDUM OPINION** |
| ENGINEERS, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The matter is pending for consideration of the Defendants' motion to dismiss or, in the alternative, for summary judgment. [Record No. 13] The defendants include the United States, the United States Army Corps of Engineers, the United States Department of Defense, the United States Army, and President Joseph Biden. The motion to dismiss will be granted because Plaintiff Steven O'Hara ("O'Hara") lacks standing by virtue to include the Secretary of the Army as the proper defendant to this action.

**I.**

O'Hara is an employee of the Army Corps of Engineers. [Record No. 1, p. 3] He contends that, at times relevant to this action, he has held sincere religious objections to the Covid-19 vaccine. The parties' dispute began after President Biden issued executive order 14043 which required all federal employees to get the Covid-19 vaccine. O'Hara alleges that his refusal to comply resulted in burdensome and humiliating restrictions concerning his day-to-day employment, taking the form of religious workplace harassment, employment discrimination, and a hostile work environment. [*Id.*, p. 5-7]

While O'Hara was subject to the vaccination mandate as an employee of the Army Corps of Engineers, religious exemptions were permitted. [*Id.* at 3] O'Hara applied for a religious exemption based on his Roman Catholic beliefs because the vaccine was purportedly "manufactured with the use of stem cells taken from aborted fetuses". [*Id.*] However, he alleges that the exemption was ignored, but he was never required to take the shot (in his words, he remained "Unvac"). [*Id.*]

According to O'Hara, working conditions worsened following his refusal to take the vaccine. First, he was no longer permitted to travel for work. [*Id.* at 5] O'Hara's superiors grew frustrated, because it was already difficult to convince anyone to volunteer to travel. [*Id.* at 6] His superiors attempted to convince and pressure O'Hara to take the vaccine after observing the length of time since he had last traveled for work. [*Id.*] Another consequence of O'Hara's decision manifested through Department protocols. According to the plaintiff, he was required to submit to "invasive and uncomfortable testing; stigmatizing masking; loss of professional opportunities; undue accommodation procedures; and a culture of harassment and ridicule[.]" [*Id.* at 7]

Finally, O'Hara contends the Army Corps of Engineers virulently metastasized a hostile workplace, spurred on by then-President Biden's statements towards unvaccinated U.S. persons.[1] [*Id.* at 8] Specifically, O'Hara was forced to train a replacement based solely on his vaccination status and this detracted and took time away from his other duties and subjected him to "humiliation and anxiety." [*Id.*] O'Hara also was informed daily that he

---

[1]    The plaintiff references a CNN Presidential Town Hall during which President Biden mocked citizens who refused to become vaccinated (Joe Biden, President, United States of America, CNN Presidential Town Hall with President Joe Biden (Oct. 21, 2021)).

would be fired and exposed to "a culture of harassment and ridicule because of Claimant's disfavored religious beliefs." [*Id.* at 7-8] Nevertheless, O'Hara was never terminated from his position.

## II.

To overcome a motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, O'Hara must demonstrate that this Court has jurisdiction. *See Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).[2]  Under Rule 12(b)(1), a motion to dismiss "may either attack the claim of jurisdiction on its face or . . . attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005).  And a factual attack challenges the actual existence of jurisdiction with no presumption of truthfulness applying to the allegations. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  "[T]he 'irreducible constitutional minimum' of standing consists of three elements.  The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561)).  To prove injury in fact, a plaintiff must demonstrate "a concrete and particularized, actual or imminent invasion of a legally protected interest." *Lujan*, 504 U.S. at 555.

The defendants correctly assert that "O'Hara's claims are directed at DoD's safety protocols for unvaccinated employees rather than the vaccination requirement itself." [Record No. 13-1, p. 9] They argue, however, that "to the extent O'Hara also seeks to challenge DoD's requirement that civilian employees become vaccinated, he lacks standing to do so." [*Id.*]  And

---

[2]    The Court "resolve[s] factual disputes when subject matter jurisdiction is challenged." *Moir v. Greater Cleveland Regional Transit Authority,* 895 F.2d 266, 269 (6th Cir. 1990).

"[f]or the same reason, Plaintiff lacks standing to seek prospective relief against other safety policies as well . . . [because] DoD's safety policies do not require any COVID-19 screening testing and do not impose requirements that vary based on whether an individual is vaccinated." [*Id.*, p. 10; FN 6] This contention, however, mischaracterizes the plaintiff's claims.

O'Hara alleges he endured workplace harassment, discrimination, and a hostile work environment based on his unvaccinated status—not that he was forced to take the vaccine. To evaluate a factual attack on standing, the Court need not accept O'Hara's factual allegations as true. However, the defendants provide no alternative facts challenging O'Hara's claims. In their reply, the defendants contend "the fact that O'Hara was required to comply with the safety protocols applicable to all unvaccinated employees does not give him standing to challenge the vaccination requirement itself, which, as a factual matter, was never applied to him." [Record No. 16, pp. 2-3] But again, O'Hara is not challenging the vaccine mandate. He challenges alleged disparate treatment and the purported hostile work environment resulting from the safety protocols.

It is true that challenges to rescinded vaccination mandates become moot upon recission. However, this case presents distinctly different questions than the cases cited by the defendants. O'Hara has alleged more than just the "humiliation and anxiety" the United States Court of Appeals for the Sixth Circuit found insufficient to establish standing in *Savel v. MetroHealth Sys.*, 96 F.4th 932, 939 (6th Cir. 2024). Here, he alleges a culture of harassment and ridicule, a requirement to train a replacement, pressure to become vaccinated, and loss of career opportunities even after the mandate was rescinded. [Record No. 1, pp. 6-8] The Court considers the question of standing against this backdrop.

Actions brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c), require that "the head of the department, agency, or unit, as appropriate, shall be the defendant." *See also Hancock v. Egger*, 848 F.2d 87 (6th Cir.1988); *Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002). In this case, O'Hara has sued the United States, the United States Army Corps of Engineers, the United States Department of Defense, the United States Army, and former President Biden. However, Christine Wormuth, the Secretary of the Army, is the proper defendant in this suit. See *Phoenix v. Dep't of the Army*, No. 17-CV-00598, 2019 WL 418438, at *2 (W.D. Ky. Feb. 1, 2019). Thus, the Court lacks standing to adjudicate claims against improper defendants.

**IV**.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows

1.      The defendants' motion to dismiss [Record No. 13] is **GRANTED.**

2.      The claims asserted in this action by Plaintiff Steven O'Hara against *the named defendants* are **DISMISSED** with prejudice.

3.      This action is **DISMISSED** and **STRICKEN** from the docket.

Dated January 21, 2025.



Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky